IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE HARRELL and LUANNE SARAFINO, | ) ) ) |
| Plaintiffs, | ) (WO) ) |
| v. | ) CIVIL ACTION NO.  02:05CV284-F ) |
| ASK TELEMARKETING, INC. and FRED JUDKINS, | ) ) ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs Stephanie Harrell and Luanne Sarafino filed suit against Judkins and ASK Telemarketing, Inc. on March 29, 2005. The Complaint invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(4). Plaintiffs allege that during their employment with ASK Telemarketing, Inc. they were subjected to sexually suggestive remarks, derogatory comments, and inappropriate physical contact by Judkins, another employee of ASK Telemarketing, Inc. Based on these allegations, Plaintiffs bring the following claims: (a) sexual harassment in violation of Plaintiffs' rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") (Count I); (b) negligent hiring, training, and supervision (Count II); (c) wanton hiring, training, and supervision (Count III); (d) the tort of outrage (Count IV); (e) assault and battery (Count V); (f) invasion of privacy (Count VI); and retaliatory discharge (Count VII). Only Counts I, IV, V, and VI assert claims against Judkins.

This cause is before the Court on the Motion to Dismiss (Doc. # 7) filed by Defendant

Fred Judkins (hereinafter "Judkins"). Judkins contends that the Complaint fails to state a claim upon which relief can be granted against him and that this Court lacks subject matter jurisdiction over the claims against him. Judkins also argues that Plaintiffs' claims against him pursuant to Title VII are barred by their failure to exhaust administrative remedies prior to instituting this action. Based on these arguments, Judkins seeks dismissal of all claims against him in this action. Plaintiffs oppose Judkins motion to dismiss.

## MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## DISCUSSION

### A. Federal Claims Against Judkins

To the extent that Plaintiffs seek to assert claims against Judkins for sexual harassment pursuant to Title VII, all such claims are due to be DISMISSED. Title VII does

not authorize suits against individuals pursuant to Title VII. *See Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Id.* For this reason, Judkins' Motion to Dismiss is due to be GRANTED to the extent it seeks dismissal of the claim against him articulated in Count I of the Complaint.

**B. State Law Claims Against Judkins**

All remaining claims against Judkins arise under Alabama law, not federal law. Consequently, Judkins correctly contends that this Court does not have subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 or 1343(4). As previously noted, these two jurisdictional statutes are the only jurisdictional grounds alleged in the Complaint.

Plaintiffs argue that this Court has jurisdiction over the claims against Judkins brought pursuant to Alabama law because the claims are born of the same set of circumstances as the federal claims asserted against Judkins and ASK Telemarketing, Inc. The Court acknowledges that 28 U.S.C. § 1367 provides that a federal court may exercise supplemental jurisdiction over state law claims where the court has jurisdiction over a substantial federal claim arising from common nucleus of operative fact as the state law claims. *See, e.g.,* 28 U.S.C. § 1367(a); *L.A. Draper & Son v. Wheelabrator Frye, Inc.,* 735 F.2d 414 (11th Cir. 1984). Nevertheless, the Court finds Plaintiffs' argument unavailing in this case because Plaintiffs failed to include any allegations in the Complaint invoking 28 U.S.C. § 1367 as a basis for jurisdiction over this action. Indeed, even after the motion to dismiss was filed,

3

Plaintiffs failed to move for leave to amend the Complaint to add an allegation that this Court has jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1367.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED as follows:

(1)  Defendant Fred Judkins' Motion to Dismiss (Doc. # 7) is GRANTED.

(2)  All claims in this action against Judkins pursuant to Title VII (Count I) are DISMISSED WITH PREJUDICE.

(3)  All claims in this action against Judkins pursuant to Alabama law are DISMISSED WITHOUT PREJUDICE.

(4) Should Plaintiffs wish to reassert claims in this lawsuit against Judkins pursuant to Alabama law, they must file a motion for leave to amend the complaint by no later than **July 15, 2005**.  Any motion for leave to amend should comply with the Local Rules for the Middle District of Alabama concerning motions for leave to amend and any proposed amendment to the Complaint must include appropriate allegations support subject matter jurisdiction.

DONE this the 12th day of July, 2005.

/s/ Mark E. Fuller<br>
CHIEF UNITED STATES DISTRICT JUDGE